## SUPREME COURT.

### Oothout agt. Rhinelander.

The expression, "*at his place of residence*," used in § 411 of the Code, in reference to service of papers by mail, is to be deemed to relate to the *post-office*, and not to any particular locality in a town or city—(street and number.)

Therefore, *held*, that service of a copy complaint, mailed at Fonda, N. Y., directed to the defendant's attorneys, "*New-York*," was good, although it appeared that the latter attorneys signed their notice of appearance, &c., "No. 52 Grove-street, in the city of New-York."

*Essex Special Term, March,* 1855.

THIS was a motion to dismiss the complaint, because a copy of it had not been served on the attorneys of the defendant, pursuant to demand. Messrs. Morris & King gave notice of appearance, and demanded that a copy of the complaint should be served upon them at their "office, No 52 Grove-street, in the city of New-York." They never received a copy of the complaint; but by the affidavits of the attorney for the plaintiff, and the deputy post-master at Fonda, it appeared that a copy was mailed in season, directed to "Morris & King, Esqs., Counsellors, &c., New-York." On that fact appearing, the defendant insisted that the service was insufficient.

F. W. KING, *for defendant.*
R. S. HALE, *for plaintiff.*

HAND, Justice. I think the service sufficient, notwithstanding the address did not state the number of the street, or even

the street; but was merely directed to the attorneys of the defendant in "New-York." The latter required the direction to include the street and number designated by them. This is safer; and sometimes, when directed to a person in a city, has been deemed necessary on service of notice of non-acceptance of bills of exchange, &c., at least in England. (*Chit. on Bills*, 474; *Bayl. on Bills*, 280, 283; and see 3 *M. & W.* 166; *Ry. & Mood.* 149, 249; *Story on Bills*, § 298, and note.) And, probably, the package in this case was lost for want of more particularity. Still, I think it is better to have a uniform rule; and I believe the expression, "at his place of residence," used in § 411 of the Code, has been deemed to relate to the post-office, and not to any particular locality in a town or city. (*See Rowell* agt. *M'Cormick*, 5 *How. Pr. R.* 337.) That will generally be sufficient. Had the attorney for the plaintiff been informed there were other firms of the same style, or of any other circumstance rendering further designation necessary, a non-compliance with the request to specify the locality might have been evidence of bad faith.

The motion to dismiss must be denied; but the plaintiff must serve another copy, or file the complaint with the clerk.